[No. 55968–6. En Banc. June 29, 1989.]

JULIE MOORE, *Appellant,* v. SNOHOMISH COUNTY, *Respondent.*

*Gary N. Gosanko,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Linda C. Krese, Deputy,* for respondent.

SMITH, J.—This is an appeal by Julie Moore, M.D., of an order of the King County Superior Court granting summary judgment in favor of Snohomish County. She was an expert witness appointed by the court in a dissolution case in Snohomish County. Dr. Moore sought payment from the County of the unpaid balance of her professional fees in the amount of $10,595.02. We find no authorization for payment by the County. We affirm the order of the trial court.

The single issue in this case is whether, in the absence of express authority, a county is obligated to or may pay professional fees of an expert appointed by the court in a dissolution case.

The Honorable Daniel T. Kershner of the Snohomish County Superior Court, by order[1] dated October 30, 1984,

---

[1]The order provided in part:

"[I]t appearing that fundamental issues are presented which more appropriately call for professional intervention or assistance beyond the confines of the judicial setting, . . . as may relate not only to the factual issues presented and the relationship between the children and their parents but also as may relate to the nature and conduct of these proceedings;

"And the court finding *sua sponte* [emphasis in original] that the best interests of the children, if not the parties, may be served by . . . referring the minor children and parents to a competent and independent professional with specialized training and experience in understanding and resolving such problems as appear to be presented in this case under circumstances which may help to permit such further disposition as will serve the best interests of the children, now, therefore, it is hereby

"ORDERED that the proceedings herein are stayed upon the following terms and conditions:

"1. The court hereby appoints DR. JULIE MOORE, 3123 Fairview East, Seattle, Washington, a psychiatrist licensed by the State of Washington with principal practice in child and family psychiatry pursuant to RCW 26.09.210 and .220 to render advice and assistance to the court;

". . .

appointed Julie Moore, M.D., a Seattle psychiatrist, to render advice and assistance to the court in *Waller v. Waller,* Snohomish County cause 83–3–01784–1, a dissolution matter involving questions of custody and visitation rights.

In Dr. Moore's interim psychiatric report dated August 1, 1985, she indicated she was "willing and interested in continuing to work on this case." In that report she outlined functions she would "like to" perform in the case and suggested her enhanced participation in it. At no time did she indicate dissatisfaction with arrangements for her compensation. By order dated August 2, 1985, the court denied a motion by the former Mrs. Frances A. Waller to terminate Dr. Moore's appointment.

By order dated September 27, 1985, the court "continued" the appointment,[2] stating that "Dr. Moore's role is

---

"5. *The fees and expenses for the said professional . . . shall be borne equally by each party* and timely paid; [(Italics ours)]

"6. The said professional shall report to the undersigned judge of this court with such recommendations as to further disposition, as may be appropriate at the end of the stay of proceedings. An initial letter report shall be provided to the court within sixty (60) days setting forth her recommendation as may concern the proper length for such stay of proceedings. In the event of further litigation, the said professional shall render advice to the court with respect to the proper role which the minor children should have in such proceedings;

". . .

"8. The fees and expenses for such incidental therapy or counseling as may be recommended by the professional named above shall be borne equally by each party, absent motion for reconsideration properly presented before the court . . ."

[2]The order included considerations of professional fees as follows:

"2. Payment of Dr. Moore's Professional fees.

"The Court does not find that Dr. Moore's fees have been unreasonable, in light of the complexity of the case and the work she has performed. However, recognizing that Dr. Moore has taken a position adverse to the interests of Mrs. Lanham, the petitioner [Mrs. Lanham] shall not be responsible for any professional fees incurred by Dr. Moore [*sic*] subsequent to June 24, 1985. Petitioner shall be responsible for one–half of Dr. Moore's professional fees incurred from the commencement of her appointment through June 24, 1985. Petitioner shall pay the remaining portion of her one–half share ($778.62) to Dr. Julie Moore on or before October 11, 1985 . . . Respondent shall be responsible for the balance of Dr. Moore's professional fees ($4,985.32 from billings through August 14, 1985, less additional payments he has made). Dr. Moore remains an expert appointed

essential to the case . . . " The court adopted Dr. Moore's own suggestions for the nature and extent of her participation, stating that her "responsibilities shall be as outlined on pp. 19–24 of her psychiatric report dated August 15, 1985, which recommendations are hereby approved . . ."

By memorandum opinion dated May 30, 1986, the court "directed that each party pay one–half . . . of the professional fees of Dr. Flemming [sic] and Dr. Moore."

It is not clear from the record whether Dr. Moore made any attempt to collect her fees from the Wallers, the parties to the dissolution action. However, she stated that after her appointment was terminated she did mail a final invoice to them. A balance of $10,595.02 remains unpaid.

After the dissolution case was completed, and after termination of her services to the court, Appellant Moore demanded payment from Snohomish County. The County refused. This action resulted. In her declaration, she stated:

> Because the parties in the Waller Dissolution did not have funds to pay for my fees, and because I was appointed by the Snohomish County Superior Court as an expert, *it was my belief* that Snohomish County was

by the Court and shall not be considered respondent's witness, notwithstanding that he shall be responsible for her professional fees under this order. The Court expressly reserves the right to reallocate the responsibility for the payment of Dr. Moore's professional fees, which reallocation should be considered at the conclusion of trial in light of the facts appearing to the Court and the outcome at trial and the total professional fees of the Court's expert through trial. Petitioner shall be required to provide respondent's counsel with any relevant information pertaining to any insurance coverage which may otherwise be applicable to any of Dr. Moore's professional fees and, if insurance proceeds may be available, the Court reserves the right to make such further interim arrangements to the extent of such available insurance proceeds, if appropriate.

"3. Further appointment of Dr. Robert S. Fleming.

"The Court finds that Dr. Fleming's further participation and evaluation as an expert appointed by the Court would be of benefit at trial. Notwithstanding petitioner's position that she does not want the Court to reappoint Dr. Fleming but would prefer the appointment of a mental health professional of her choosing, the Court would extend Dr. Fleming's appointment but for the extraordinary expenses already occasioned by this case and *the Court's inability to ensure payment of Dr. Fleming's future fees.*" (Italics ours.)

ultimately responsible to pay for my fees. Furthermore, I felt bound by the Court's September 27, 1985, Order to continue as a Court–appointed expert despite the fact that the parties had no money. Therefore, *it was my understanding and belief* at that time, as it is now, that Snohomish County would be responsible for the payment of my fees.

(Italics ours.)[3]

Both parties moved for summary judgment. By order dated April 5, 1988, the Honorable James W. Bates, Jr., King County Superior Court, denied Dr. Moore's motion and entered summary judgment in favor of Snohomish County.

 The law is clear that "[p]ublic funds may not be expended except as authorized by law." *Hoppe v. King Cy.*, 95 Wn.2d 332, 340, 622 P.2d 845 (1980). The Washington Constitution provides: "No moneys shall ever be paid out of the treasury of this state . . . except in pursuance of an

---

[3]Dr. Moore's deposition contains the following exchanges:

Q. Were you ever informed by anyone that the court would pay your fees if the parties did not?

"A. Explicitly, no.

" . . .

"Q. And did you ever actually send your billings to the county or to the court?

"A. No, I don't think I did.

" . . .

"Q. So, that from mid August '85 to February of '86 you probably didn't send out any monthly billings to anyone; is that correct?

"A. Yes, probably not.

" . . .

"Q. When you say you haven't made any further efforts to collect from them, I mean have you even sent them billings or letters or anything?

"A. No, nothing.

" . . .

"A. It was my impression that the court would eventually pay my fees if these people couldn't pay them. I was clearly court appointed. This was hassled about several times. It was clear to me that the court was backing up my appointment. It was clear that these people had no money. I believed that I would eventually be paid by the court, by the county.

"Q. But to the best of your recollection, the court never made any specific statement to that effect?

"A. No."

appropriation by law . . ." Const. art. 8, § 4.[4] This constitutional limitation on expenditure of public funds applies to counties. *Ashley v. Superior Court,* 82 Wn.2d 188, 194, 509 P.2d 751 (1973), *modified,* 83 Wn.2d 630, 521 P.2d 711 (1974).[5] The basic question, then, is whether Snohomish County by appropriation ever authorized payment of Dr. Moore's fees. The answer is that it did not.

Appellant Moore cites two statutes, which provide in part:

> The court may seek the advice of professional personnel whether or not they are employed on a regular basis by the court.

RCW 26.09.210;

> (1) In contested custody proceedings, and in other proceedings if a party so requests, the court may order an investigation and report concerning parenting arrangements for the child in an action for dissolution of marriage . . . The investigation and report may be made by the staff of the juvenile court or other professional social service organization experienced in counseling children and families.
>
> (2) In preparing [the] report concerning a child, the investigator may consult any person who may have information about the child and the potential parenting or custodian arrangements. Upon order of the court, the investigator may refer the child to professional personnel for diagnosis. The investigator may consult with and obtain information from medical, psychiatric, or other expert persons who have served the child in the past . . .

Former RCW 26.09.220.

---

[4]Const. art. 8, § 4 provides:

"**MONEYS DISBURSED ONLY BY APPROPRIATIONS.** No moneys shall ever be paid out of the treasury of this state, or any of its funds, or any of the funds under its management, except in pursuance of an appropriation by law . . ."

[5]Indeed, the Washington Constitution makes it a felony for any municipal officer with authority over public moneys to use those funds for any purpose not authorized by law. Const. art. 11, § 14.

██ ██ These statutes were mentioned by Judge Kershner in the order appointing Dr. Moore.[6] They contain no language which would either authorize or obligate the County to pay for services obtained by the court from Appellant Moore. Dr. Moore argues that since the statutes do not provide that costs shall *not* be borne by the County, it logically leads to the conclusion that, by default, the County is bound to pay. The law is quite to the contrary. Where a statute does not specifically authorize or obligate the county to pay, payment is prohibited. *See Ashley v. Superior Court*, 82 Wn.2d 188, 193, 509 P.2d 751 (1973), *modified*, 83 Wn.2d 630, 521 P.2d 711 (1974).

Appellant Moore argues that if a superior court judge may not obligate a county to pay professional fees for experts by the act of appointment alone, then courts will be frustrated in their efforts to obtain essential professional services. This does not necessarily follow.

---

[6]Dr. Moore also refers to two other statutes that "recognize the County's liability for Court–appointed experts." These provide, in part:

> The court may appoint an attorney to represent the interests of a minor or dependent child . . . The court shall enter an order for costs, fees, and disbursements in favor of the child's attorney. The order shall be made against either or both parents, except that, if both parties are indigent, the costs, fees, and disbursements shall be borne by the county.

RCW 26.09.110;

> To facilitate and promote the purposes of this chapter, the court may order or recommend the aid of physicians, psychiatrists, or other specialists or may recommend the aid of the pastor or director of any religious denomination to which the parties may belong. Such aid, however, shall be at the expense of the parties involved and shall not be at the expense of the court or of the county unless the board of county commissioners shall specifically authorize such aid.

RCW 26.12.170.

Appellant Moore was not a court appointed attorney for the Waller children. She has not referred to any authorization by the Snohomish County Board of Commissioners. These statutes do not support her argument. Indeed, the explicit provision in these statutes for county liability implies that the Legislature intended to preclude county obligation for fees generated under other sections of the chapter. *See 2A Sutherland Statutory Construction* § 46.05 (4th ed. 1984).

Courts are not without resources to obtain professional services. *See, e.g.,* RCW 71.05.470; RCW 26.12.170. Professional personnel may be "employed on a regular basis by the court." *See* RCW 26.09.210. Under RCW 26.09.220, expert assistance may come from the "staff of the juvenile court or other professional service organization experienced in counseling children and families." This suggests that budgetary appropriations may be made for such services. In the case of parties declared by the court to be indigent, additional services might possibly be available at public expense. For example, the court could direct the Department of Social and Health Services to provide professional services.

Under certain circumstances a county may pay professional fees. *See* RCW 8.25.070; CrR 3.1(f); JuCR 9.3(a). However, this does not lead to the conclusion that a county is obligated to pay professional fees in every instance where an expert is appointed by the court.

Under ER 706(a), a rule of evidence, the court may appoint an expert witness. Section (b) provides for limited compensation, but not public compensation, for expert witnesses appointed by the court:

> Expert witnesses [appointed under ER 706(a)] are entitled to reasonable compensation in whatever sum the court may allow. *Except as otherwise provided by law,* the compensation shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs.

(Italics ours.) ER 706(b).

The comment to ER 706 further explains:

> This rule is the same as Federal Rule 706, except that *a provision in section (b) for compensating experts from public funds was deleted.*
>
> . . .
> Expert witness fees in state condemnation proceedings are payable from public funds, as anticipated by Federal Rule 706, but only pursuant to a statutory scheme which imposes certain conditions and restrictions not found in the federal rule. See RCW 8.25.070. *The statute does not*

*mention the possibility of the expert being appointed by the court, and the statute does not authorize the disbursement of public funds for an appointed expert. The drafters of the Washington rule eliminated the language in Federal Rule 706 authorizing disbursement of public funds in deference to applicable statutes.*

(Italics ours.)

In this case, Appellant Moore has pointed to no statute which authorizes disbursement of funds to her by Snohomish County.[7] Municipal bodies, such as Snohomish County, may pay professional fees where they are clearly authorized by statute. *See, e.g.,* RCW 8.25.070; 26.09.110; 26.12.170; 71.05.470. However, Snohomish County is currently under no statutory or legal obligation to pay the fees of Dr. Moore in this case.

Appellant Moore was aware of the Wallers' probable inability to pay her fees. But she was also aware that the court orders initiating and continuing her appointment directed them to pay those fees. The court at no time advised Dr. Moore that either the court, Snohomish County or any other public entity would be responsible for payment of her fees.

Appellant Moore has not pursued collection of her fees from the parties. She has not petitioned the Snohomish County Council for a special appropriation. She has produced no evidence of a promise by the Superior Court that either the court or the County would guarantee payment of her fees.

In its essence, court appointment of an expert merely means that the court has selected the expert, as opposed to the expert being selected by one or more of the parties. There is nothing in this basic concept of appointment that requires the court to guarantee the cost of the expert's services. When the court indicates to an expert that payment

---

[7]Any contract with a municipal corporation must be authorized by charter or legislative act. Otherwise the contracting party will be considered a mere volunteer to whom the law affords little protection. 10 E. McQuillin, *Municipal Corporations* § 29.04 (3d ed. 1981).

of fees is the responsibility of the parties, the expert stands in no better position when attempting to collect those fees from the court or county than an expert retained by the parties without participation by the court.

Appellant Moore was free to refuse, limit or terminate her participation in the case. She was aware of the financial condition of the Wallers. Nevertheless, she accepted the appointment and "welcomed" continued and enhanced participation apparently under an incorrect assumption that her fees would be paid from county funds if the parties to the dissolution action could not themselves pay. Her appellate counsel was unable to cite any factual basis for her assumption. There is absolutely no basis in the record for it.

There is no statutory requirement or other authority for Snohomish County to pay Dr. Julie Moore's fees for professional services rendered as an expert appointed by the Snohomish County Superior Court. We therefore affirm the order of summary judgment in favor of respondent Snohomish County.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, PEARSON, ANDERSEN, and DURHAM, JJ., concur.