[Nos. 85938-8; 85950-7.   En Banc.]
Argued September 25, 2012.     Decided January 17, 2013.

THE STATE OF WASHINGTON ET AL., *Respondents*, v. ALYSHA V. VELASQUEZ, *Petitioner*.

THE STATE OF WASHINGTON, *Respondent*, v. DOUGLAS P. HUTCHISON, *Petitioner*.

*Jason M. Schwarz* and *Whitney Rivera* (of *Snohomish County Public Defender Association*), for petitioners.

*Mark K. Roe, Prosecuting Attorney*, and *Charles F. Blackman, Deputy*, for respondent.

¶1 J.M. JOHNSON, J. — Under chapter 10.05 RCW, a defendant charged with a misdemeanor or gross misdemeanor in a Washington court of limited jurisdiction may petition the court for deferred prosecution if the crime was the result of substance dependency or mental illness. After the defendant fulfills the statutory requirements, including

completion of a treatment program, the judge may dismiss the charges. RCW 10.05.130 requires the appropriation of public funds "to provide investigation, examination, report and treatment plan for any indigent person who is unable to pay the cost of any program of treatment" within a deferred prosecution.

¶2 This case requires statutory interpretation of the term "treatment plan" as it appears in RCW 10.05.130. We must decide whether the legislature intended that public funds pay for the full course of treatment programs for such indigent defendants in deferred prosecutions or whether public funding is required only for a treatment plan document (as well as "investigation, examination, [and] report").[1]

¶3 We affirm the superior court and hold that according to the plain and unambiguous language of RCW 10.05.130, the legislature did not intend to commit public funds for the full course of treatment programs for indigent defendants in deferred prosecutions.

FACTS AND PROCEDURAL HISTORY

¶4 In two separate cases, now consolidated, petitioners Douglas P. Hutchison and Alysha V. Velasquez were charged with driving under the influence in district court. Each petitioned for deferred prosecution and requested that the court distribute public funds to pay for their substance dependency treatment programs pursuant to RCW 10.05-.130. In both cases, the courts granted deferred prosecutions and, finding the defendants indigent, authorized the payment of public funds for the full course of substance dependency treatment. Clerk's Papers (CP) at 149, 276, 291-92.

¶5 The superior court vacated the district court orders authorizing the expenditure of public funds for substance

---

[1] RCW 10.05.130.

dependency treatment and remanded the matters to district court. CP at 3-4. The superior court held that RCW 10.05.130 is plain and unambiguous on its face and that the four areas covered by the statute (investigation, examination, report, and treatment plan) do not include the full course of treatment.[2] CP at 17-22. Petitioners filed notices of discretionary review with this court, which were granted. *State v. Snohomish County Dist. Court*, 172 Wn.2d 1023, 265 P.3d 155 (2011).

STANDARD OF REVIEW

■ ■ ¶6 This case requires statutory interpretation, which is an issue of law that we review de novo. *City of Seattle v. Burlington N. R.R.*, 145 Wn.2d 661, 665, 41 P.3d 1169 (2002). When interpreting a statute, we must first look to the statute's plain language. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). If the plain language is unambiguous, subject only to one reasonable interpretation, our inquiry ends. *Id.* A statute is not ambiguous merely because multiple interpretations are conceivable. *State v. Hahn*, 83 Wn. App. 825, 831, 924 P.2d 392 (1996). When statutory language is unambiguous, we do not need to use interpretive tools such as legislative history. *State v. Hirschfelder*, 170 Wn.2d 536, 548, 242 P.3d 876 (2010). Finally, related statutory provisions must be harmonized to effectuate a consistent statutory scheme that maintains the integrity of the respective statutes. *State v. Chapman*, 140 Wn.2d 436, 448, 998 P.2d 282 (2000).

ANALYSIS

A. Plain language of RCW 10.05.130

■ ■ ¶7 Chapter 10.05 RCW establishes a deferred prosecution program available to defendants charged with

---

[2] The cost of treatment is quite variable, estimated at roughly $3,000, including inpatient and outpatient treatment as well as court and probation fees. Wash. Supreme Court oral argument, *State v. Velasquez*, No. 85938-8 (Sept. 25, 2012), at 34 min., 45 sec., *audio recording by* TVW, Washington State's Public Affairs Network, *available at* http://www.tvw.org.

misdemeanors or gross misdemeanors in Washington courts of limited jurisdiction. RCW 10.05.010(1). This program encourages the treatment of defendants whose crimes are caused by treatable conditions such as alcoholism. *City of Richland v. Michel*, 89 Wn. App. 764, 768, 950 P.2d 10 (1998). This case requires us to interpret the section of the statute concerning funding for indigent defendants who would like to participate in the program but cannot afford treatment. RCW 10.05.130 provides that "[f]unds shall be appropriated from the fines and forfeitures of the court to provide investigation, examination, report and treatment plan for any indigent person who is unable to pay the cost of any program of treatment." Petitioners argue that the term "treatment plan" includes the entire course of treatment. This interpretation would require the court to distribute funds from its fines and forfeitures to pay for not only the initial investigation and reports but also the full treatment program for all indigent defendants. Respondent argues that a "treatment plan" is simply a document describing the plan for the defendant's treatment. This interpretation would require the court to distribute funds from its fines and forfeitures for the investigation and reports, including the treatment plan document, but not the full course of treatment. The plain and unambiguous language of RCW 10.05.130 indicates that the legislature intended to commit public funds for the investigation, examination, report, and treatment plan document, but not the full course of treatment.

¶8  To be eligible for deferred prosecution, the defendant must petition the court at arraignment to enter the program. The defendant must "allege under oath in the petition that the wrongful conduct charged is the result of or caused by alcoholism, drug addiction, or mental problems for which the person is in need of treatment and unless treated the probability of future recurrence is great . . . ." RCW 10.05.020(1). The defendant must then agree to pay the cost of diagnosis and treatment if financially able to do so. *Id*. If

the judge approves the petition, the judge may continue the arraignment and refer the defendant for evaluation to an approved drug, alcohol, or mental treatment facility. RCW 10.05.030. The facility then conducts an investigation and examination to determine whether the person suffers from the problems described and if there is a probability that similar conduct will occur in the future if the problem is left untreated, whether extensive treatment is required, and whether the person is amenable to treatment. RCW 10.05.040.

¶9 After the investigation and examination, the facility makes a written report to the court stating its findings and recommendations. Importantly, "[i]f its findings and recommendations support treatment . . . , it shall also recommend a treatment or service plan setting out: (a) The type; (b) Nature; (c) Length; (d) A treatment or service time schedule; and (e) Approximate cost of the treatment . . . ." RCW 10.05.050(1). Finally, "[t]he report with the treatment or service plan shall be filed with the court and a copy given to the petitioner and petitioner's counsel." RCW 10.05.050(3).

¶10 Related statutory provisions must be harmonized to effectuate a consistent statutory scheme. *Chapman*, 140 Wn.2d at 448. Accordingly, the use of the term "treatment plan" in RCW 10.05.050 is instructive to an interpretation of the term in RCW 10.05.130. Under RCW 10.05.050, the facility first issues a preliminary report. Only if its findings support deferred prosecution does the facility create a treatment plan: a document that sets out the details of the treatment program, including its type, length, and cost. Thus, two separate reporting documents may be created and filed with the court: the report and the treatment plan.

¶11 RCW 10.05.060 is similarly instructive:

If the report recommends treatment, the court shall examine the treatment plan. If it approves the plan and the petitioner agrees to comply with its terms and conditions and agrees to pay the cost thereof, if able to do so, or arrange for the treatment, an entry shall be made upon the person's court

docket showing that the person has been accepted for deferred prosecution.

Here, "treatment plan" refers to a document drafted by the facility and reviewed by the trial court. In both RCW 10.05.050 and 10.05.060, "treatment plan" refers to a document, not the full course of treatment.

¶12 Petitioners argue that it would be absurd for the statute to authorize public funding for an evaluation and reports, knowing that the defendants could not afford treatment. In the 37 years of the statute's existence, public funding pursuant to RCW 10.05.130 has been rarely, if ever, requested or authorized. CP at 236-39. The legislature has established and funded other programs such as Washington's alcoholism and drug addiction treatment and support act. Charitable organizations and sliding scale payment options available through the treatment facilities have also provided treatment to indigent defendants, allowing them to benefit from deferred prosecutions. Under our interpretation of "treatment plan," a court may be required to fund an evaluation and reports if the defendant has not done so. The indigent defendant will then have to seek additional assistance to pay for any treatment program. Contrary to the petitioners' contention, this does not prevent indigent defendants from utilizing the deferred prosecution program and has not in the past.

¶13 RCW 10.05.130 is plain and unambiguous on its face. The procedure for entering the program, as well as implementing the provisions for indigent defendants, suggests that "treatment plan" is simply a document describing the plan of action for treatment. The plain and unambiguous language of chapter 10.05 RCW demonstrates that the legislature did not intend to commit public funds for the full course of treatment for indigent defendants in deferred prosecutions.

## B. Article VIII, Section 4 of the Washington State Constitution

¶14 Respondent further claims that committing public funds for investigations, examinations, reports, or treatment plans pursuant to RCW 10.05.130 is in contravention of the Washington State Constitution. As amended by the Eleventh Amendment, article VIII, section 4 of the Washington State Constitution provides, "No moneys shall ever be paid out of the treasury of this state, or any of its funds, or any of the funds under its management, except in pursuance of an appropriation by law . . . ." This constitutional limitation also applies to counties. *Moore v. Snohomish County*, 112 Wn.2d 915, 920, 774 P.2d 1218 (1989). It appears that the legislature has never appropriated funds for investigations, examinations, reports, or treatment plans for indigent defendants in deferred prosecutions pursuant to RCW 10.05.130. Having disposed of this case on statutory interpretation grounds, we decline to reach this constitutional issue. *See Isla Verde Int'l Holdings, Inc. v. City of Camas*, 146 Wn.2d 740, 752, 49 P.3d 867 (2002) (noting that "if a case can be decided on nonconstitutional grounds, an appellate court should refrain from deciding constitutional issues").

### CONCLUSION

¶15 We affirm the superior court's vacating the orders authorizing the expenditure of public funds for the investigation, examination, reports, and treatment programs of indigent defendants in deferred prosecutions and remanding the matters to district court. We hold that according to the plain and unambiguous language of RCW 10.05.130, the legislature did not intend to commit public funds for the

full course of treatment programs for indigent defendants in deferred prosecutions.

MADSEN, C.J.; C. JOHNSON, OWENS, FAIRHURST, STEPHENS, WIGGINS, and GONZÁLEZ, JJ.; and CHAMBERS, J. PRO TEM., concur.