FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 JUL -8 AM 9: 34



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68957-6-I |
| Respondent, | ) | |
| v. | ) | UNPUBLISHED OPINION |
| D. N.,<br>DOB: 07/27/1996, | ) | |
| Appellant. | ) | FILED:   JUL - 8 2013 |

PER CURAM—Juvenile D.N. appeals his conviction for first degree unlawful possession of a firearm, arguing that the predicate offense of attempted residential burglary is not a "serious offense" as required by RCW 9.41.040(1)(a). We affirm.

D.N.'s argument requires statutory interpretation, which is an issue of law we review de novo. City of Seattle v. Burlington N. R.R. Co., 145 Wn.2d 661, 665, 41 P.3d 1169 (2002). To interpret a statute, we first look to the statute's plain language. State v. Velasquez, 176 Wn.2d 333, 336, 292 P.3d 92 (2013). If the plain language is unambiguous, our inquiry ends. Velasquez, 176 Wn.2d at 336.

Unlawful possession of a firearm in the first degree requires a previous conviction for "any serious offense as defined in this chapter." RCW 9.41.040(1)(a). The statutory definition of "serious offense" includes "any of the following felonies or a **felony attempt to commit** any of the following felonies, as now existing or hereafter amended: (a) **Any crime of violence**." (Emphasis added.) RCW 9.41.010(16)(a). The same statute defines "crime of violence" as

> [a]ny of the following felonies, as now existing or hereafter amended: Any felony defined under any law as a class A felony or an attempt to commit a class A felony, criminal solicitation of or criminal conspiracy to commit a class A felony, manslaughter in the first degree, manslaughter in the second degree, indecent liberties if committed by forcible compulsion, kidnapping in the second degree, arson in the second degree, assault in the second degree, assault of a child in the second degree, extortion in the first degree, burglary in the second degree, **residential burglary**, and robbery in the second degree.

RCW 9.41.010(3)(a).

D.N. argues that only attempts, solicitations and conspiracies to commit class A felonies are included in the definition of "crime of violence." Because residential burglary is a class B felony, he concludes attempted residential burglary does not qualify as a "crime of violence" and cannot be a "serious offense." But D.N. ignores the plain language of RCW 9.41.010(16)(a), which defines "serious offense" as "felonies or a **felony attempt to commit**" any "crime of violence." RCW 9.41.010(16)(a) (emphasis added). As established above, residential burglary is a "crime of violence." Attempted residential burglary is also a class C felony. RCW 9A.28.020(3)(c), RCW 9A.52.025(2). Therefore, the specific incorporation of felony attempt to commit "crimes of violence" brings attempted residential burglary under the umbrella of "serious offense." Because

2

attempted residential burglary is a "serious offense," it can serve as a predicate for first degree unlawful possession of a firearm.

Affirmed.

For the court:

_Dwyer, J._

_Spearman, J._

_Leach, C.J._