# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| KYLE J. ROCKAFELLOW, | No.  53029-5-II |
| Respondent, | |
| v. | |
| STATE OF WASHINGTON, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Kyle J. Rockafellow pleaded guilty to fourth degree assault, domestic violence, which disqualified him from owning, possessing, using, or controlling a firearm. The superior court entered a suspended jail sentence and 24 months of probation. Rockafellow did not complete his probationary period until March 23, 2016. On November 1, 2018, Rockafellow petitioned the court for restoration of his firearm rights.

The State opposed the petition, arguing that Rockafellow had not achieved three crime free years in the community since completing his probationary period. The superior court concluded that the requisite three-year crime free period began on the date of Rockafellow's sentencing and entered an order restoring his firearm rights.

The State appeals the superior court's order. The State argues that the superior court erred by concluding that the three-year crime free provision under RCW 9.41.040(4)(a)(ii)(B) began on the date Rockafellow received a suspended sentence and not the date he completed his probationary period. We disagree and affirm.

FACTS

Rockafellow pleaded guilty to one count of fourth degree assault, domestic violence, which disqualified him from owning, possessing, using, or controlling a firearm. RCW 9.41.040. On November 13, 2012, the superior court sentenced Rockafellow to a suspended jail sentence and 24 months of probation. Due to Rockafellow's failure to complete the requirements of his supervision, his probation was tolled and his probationary period did not conclude until March 23, 2016. Nothing in the record suggests that Rockafellow served any time in custody after he was sentenced.

On November 1, 2018, Rockafellow petitioned the superior court to restore his firearm rights under RCW 9.41.040. The State opposed Rockafellow's petition arguing that because Rockafellow did not complete his probationary period until March 23, 2016, his petition for restoration was premature. After a hearing on the petition, the superior court concluded that the three-year crime free provision of RCW 9.41.040(4)(a)(ii)(B) began on the date of Rockafellow's sentencing and not the date he completed probation. Accordingly, the superior court concluded that Rockafellow had satisfied the conditions of RCW 9.41.040 and entered an order restoring Rockafellow's firearm rights.

The State appeals.

ANALYSIS

RCW 9.41.040(4)(a)(ii)(B) permits a person convicted of a nonfelony offense to petition the court for restoration of their right to possess a firearm:

> [A]fter three or more consecutive years in the community without being convicted or found not guilty by reason of insanity or currently charged with any felony, gross misdemeanor, or misdemeanor crimes, if the individual has no prior felony convictions that prohibit the possession of a firearm counted as part of the offender score under RCW 9.94A.525 and the individual has completed all conditions of the sentence.

The State argues that under this statute, a nonfelony offender must first complete all conditions of their sentence before the three-year crime free period can begin. We hold that the plain language of the statute does not support the State's argument.

Statutory interpretation is a question of law we review de novo. *State v. Dennis*, 191 Wn.2d 169, 172, 421 P.3d 944 (2018). The purpose of statutory interpretation is to ascertain legislative intent. *Id.* We derive legislative intent from the plain language of the statute. *State v. Velasquez*, 176 Wn.2d 333, 336, 292 P.3d 92 (2013). "If the plain language is unambiguous, subject only to one reasonable interpretation, our inquiry ends." *Id.*

The plain language of RCW 9.41.040(4)(a)(ii)(B) is unambiguous. RCW 9.41.040(4)(a)(ii)(B) requires three things before a nonfelony offender may petition for restoration of their firearm rights: "(1) three or more consecutive years in the community without being convicted or currently charged with a felony, misdemeanor, or gross misdemeanor, (2) no prior felony convictions prohibiting firearm possession," and (3) completion of all sentence conditions. *State v. Swanson*, 116 Wn. App. 67, 76, 65 P.3d 343 (2003). The requirement of three or more consecutive years applies specifically to time spent in the community without being convicted or charged with a crime. The statute does not require that three or more consecutive years pass after completion of all conditions of the sentence. Put another way, spending three or more consecutive crime free years in the community is one requirement when petitioning for restoration; completing all conditions of one's sentence is another.

The State also contends that one cannot be in the community while subject to the court or Department of Corrections' supervision. But the State offers no authority to support its contention, and its argument conflicts with the well-established concept that one is "in the community" when

not in confinement. *See* RCW 9.94A.030(5) (Defining "'[c]ommunity custody'" as "that portion of an offender's sentence of confinement in lieu of earned release time or imposed as part of a sentence under this chapter and served *in the community* subject to controls placed on the offender's movement and activities by the [Department of Corrections]." (Emphasis added.)); *see also In re Pers. Restraint of Nichols*, 120 Wn. App. 425, 432, 85 P.3d 955 (2004) (holding that "'in the community'" language of washout statute refers to the defendant's status of being released from felony confinement).

The State devotes much of its brief to discussing cases involving the washout period for offender score calculations. But neither the calculation of Rockafellow's offender score nor the function of washout period statutes is at issue here. Rather, we rely on the unambiguous plain language of RCW 9.41.040(4)(a)(ii)(B), which requires that a petitioner be crime free in the community—meaning not in confinement—before being eligible for restoration.

Rockafellow entered the community on November 13, 2012, when he received a suspended sentence and 24 months of probation. Because at the time of his petition Rockafellow had spent three or more consecutive crime free years in the community, had no prior felony convictions prohibiting firearm possession, and had completed the conditions of his sentence, the superior court did not err by restoring his right to possess firearms.

No. 53029-5-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

Glasgow, J.

We concur:

Lee, C.J.

Cruser, J.