# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46557-4-II |
| Respondent, | |
| v. | |
| KEVIN S. ROBINSON, | ORDER PUBLISHING OPINION |
| Appellant. | |

Appellant Kevin S. Robinson has moved to publish the court's March 1, 2016 opinion. Respondent State of Washington opposed Appellant's motion. The Court has determined that the opinion in this matter satisfies the criteria for publication. It is now

**ORDERED**, that the motion to publish is granted and the opinion's final paragraph reading:

> A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

is deleted. It is further

**ORDERED** that this opinion will be published.

**PANEL:** Jj. Maxa, Melnick, Sutton.

**DATED** this **12th** day of **April, 2016.**

Melnick, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46557-4-II |
| Respondent, | |
| v. | |
| KEVIN S. ROBINSON, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. – Kevin S. Robinson appeals the trial court's denial of his CrR 7.8 motion challenging sanctions that the Department of Corrections (DOC) imposed after he violated his community custody conditions. Robinson argues that the trial court abused its discretion by denying his motion without holding a hearing on the merits or transferring the motion to this court for consideration as a personal restraint petition. In a pro se statement of additional grounds (SAG), Robinson contends that the trial court erred in concluding that his only redress for the sanctions was through DOC. He also asserts that DOC's disciplinary procedures were unlawful. The State concedes that the trial court did not follow the procedure outlined in CrR 7.8(c)(2).

We reverse and remand with instructions to vacate the findings of fact and conclusions of law denying Robinson's motion and to either hold a show cause hearing under CrR 7.8 or transfer the motion to this court for consideration as a personal restraint petition.

## FACTS

Robinson pleaded guilty in 2008 to delivery of methamphetamine and unlawful possession of a firearm in the first degree. He received a sentence of 90 months of incarceration and 9 to 12 months of community custody. After his release from incarceration, Robinson committed several

community custody violations. As a result, Robinson was reincarcerated and it is from this custody that he files the current appeal. CP 77.

On June 13, 2014, Robinson filed a "Motion for Relief from Judgment, Order, or Proceeding Pursuant to CrR 7.8(b), and Declaratory and Injunctive Relief Pursuant to RCW 7.24.010 and RCW 7.24.080" in the superior court. Clerk's Papers at 25. In his motion, which named both the State and DOC as respondents, Robinson sought relief from sanctions that DOC imposed after he violated his community custody conditions. Robinson explained that he had exhausted the DOC appeal process and that DOC's decision became final on April 23, 2014.

The superior court considered Robinson's motion on July 7, 2014. Robinson was not present at the hearing and was not represented by counsel, and DOC did not appear. After the prosecutor made a brief argument, the court denied the motion, stating, "Mr. Robinson is directed to go through the appropriate procedures to appeal his sanctions from the DOC." Report of Proceedings at 1. In its written findings of fact and conclusions of law, the superior court stated that it had no jurisdiction over the matter and that there was no legal basis to review the DOC sanctions. Robinson appeals.

ANALYSIS

Robinson argues that the superior court should have addressed the merits of his motion or transferred it to this court for consideration as a personal restraint petition. The State asserts that transfer was appropriate.

We review a trial court's ruling on a CrR 7.8 motion for abuse of discretion. *State v. Zavala-Reynoso*, 127 Wn. App. 119, 122, 110 P.3d 827 (2005). Under this standard, the trial court's decision will not be reversed unless it was manifestly unreasonable or based on untenable grounds or reasons. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995).

Under CrR 7.8(c)(2), the superior court must transfer a motion to vacate judgment to this court unless it determines that the motion is timely filed and "either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing." In other words, only if the motion is timely and appears to have merit or requires fact finding should the superior court retain and hear it; in all other cases, the motion is transferred to this court. *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). If the trial court retains the motion, it must order a show cause hearing directing the adverse party to appear. CrR 7.8(c)(3).

The superior court has subject matter jurisdiction to either hear and decide a CrR 7.8 motion or transfer it. *Smith*, 144 Wn. App. at 863. This jurisdiction includes the ability to consider motions challenging sanctions imposed for community custody violations. *State v. Madsen*, 153 Wn. App. 471, 475, 228 P.3d 24 (2009), *overruled on other grounds by In re Pers. Restraint of Flint*, 174 Wn.2d 539, 277 P.3d 657 (2012). The *Madsen* court held that the trial court had jurisdiction to consider a CrR 7.8 motion challenging the statutory authority under which DOC returned an inmate to prison following a community custody violation. 153 Wn. App. at 475. The Supreme Court overruled the *Madsen* court's interpretation of the statute governing that sanction but did not address the jurisdictional issue. *Flint*, 174 Wn.2d at 542.

There is no dispute that Robinson's motion was timely, as he filed it within one year after DOC's decision became final. *See* CrR 7.8(b)(5) (motions are subject to one-year time limit in RCW 10.73.090). But, under the mistaken conclusion that it lacked jurisdiction to decide Robinson's motion, the superior court did not address the merits of that motion or hold a fact finding hearing. Indeed, the court could not have undertaken either alternative without holding a hearing attended by both Robinson and DOC. *See City of Seattle v. Fontanilla*, 128 Wn.2d 492,

502, 909 P.2d 1294 (1996) (party is not bound by judgment in litigation in which he is not designated as a party or not made a party by service of process).

We reverse and remand for an order vacating the findings of fact and conclusions of law on the motion for relief from judgment. The superior court then must hold a show cause hearing or transfer Robinson's CrR 7.8 motion to this court for consideration as a personal restraint petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Maxa, P.J.

Sutton, J.