# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49447-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CALVIN NORMAN ROUSE, JR., | |
| Appellant. | |

MAXA, A.C.J. – Calvin Rouse pleaded guilty to second degree murder in 2003 and is serving a 340 month sentence. In 2015, he filed in superior court a motion to dismiss his conviction for lack of subject matter jurisdiction under CrR 7.8(b). Rouse appeals the superior court's denial of his motion.

We hold that (1) the superior court properly followed the procedures outlined in CrR 7.8(c) at the motion hearing because it required the State to show cause why Rouse's requested relief should not have been granted, (2) the superior court did not deny Rouse's right to be present at the motion hearing because Rouse was present by telephone, and (3) the law under which Rouse was charged (RCW 9A.32.050) was not void for failure to comply with article II, section 18 of the Washington Constitution because the law as passed by the legislature contained the necessary enacting clause. Accordingly, we affirm the superior court's denial of Rouse's motion to dismiss for lack of subject matter jurisdiction.

FACTS

On August 25, 2003, the State charged Rouse by amended information with second degree murder. The information cited RCW 9A.32.050, the statute on second degree murder. Rouse pleaded guilty and was sentenced to 340 months in prison. Rouse filed a direct appeal. This court affirmed his conviction in an unpublished opinion filed in November 2004. *State v. Rouse*, noted at 124 Wn. App. 1015, 2004 WL 2650995, at *1.

On June 11, 2015, Rouse filed a postconviction motion to dismiss in superior court for lack of subject matter jurisdiction. He argued that the superior court did not have jurisdiction because the laws under which he was charged did not include the necessary enacting clause. The superior court ultimately ordered the transfer of Rouse's motion to this court as a personal restraint petition (PRP). However, this court rejected the transfer and ordered the matter back to the superior court for further action under CrR 7.8(c).

On October 16, 2015, the superior court heard argument on the motion to dismiss for lack of subject matter jurisdiction as well as two other motions not at issue in this appeal. Rouse appeared by telephone. He initially objected to not being at the hearing in person. But after some discussion the hearing continued. The superior court asked the State whether the court had subject matter jurisdiction. The State responded that there was jurisdiction under article IV, section 6 of the Washington Constitution and RCW 2.08.010. The superior court then denied Rouse's motion to dismiss for lack of subject matter jurisdiction.

Rouse appeals.

ANALYSIS

A.    PROCEDURE ON CRR 7.8 MOTION

Rouse argues that the superior court violated the procedure set out in CrR 7.8(c)(3) by failing to order the State to show cause why Rouse's requested relief should not be granted. [1] We disagree.

CrR 7.8 allows for relief from a judgment or order for certain reasons, which are listed in CrR 7.8(b). [2] Under CrR 7.8(b)(4), one of the grounds for relief is that the judgment is void. A judgment is void if it is entered by a court which lacks subject matter jurisdiction. *State v. Reanier*, 157 Wn. App. 194, 200, 237 P.3d 299 (2010). We review a superior court's ruling on a CrR 7.8 motion for abuse of discretion. *State v. Robinson*, 193 Wn. App. 215, 217, 374 P.3d 175 (2016). The superior court abuses its discretion when its decision is manifestly unreasonable or is based on untenable grounds or reasons. *Id.* at 217-18.

CrR 7.8(c) outlines the procedure for handling a motion for relief from judgment. The superior court shall transfer the motion to this court unless the superior court determines that the motion is not barred by RCW 10.73.090 and either the defendant has made a substantial showing that he is entitled to relief or resolution of the motion will require a factual hearing. CrR 7.8(c)(2). If the superior court does not transfer the motion, "it shall enter an order fixing a time

---

[1] Rouse also argues that the superior court erred in transferring his motion to this court. But this court already corrected any error by rejecting the transfer. Therefore, we do not address this argument.

[2] Rouse also references CR 60(b) in his opening brief. But he does not explain how a civil rule could apply to his criminal conviction.

and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted." CrR 7.8(c)(3).

Here, the superior court initially transferred Rouse's motion to this court, but the court rejected the transfer and sent the motion back to the superior court. At that point, the superior court apparently ordered a hearing on the motion. The superior court's order is not in the record, so we cannot determine whether the order contained the show cause language required in CrR 8.3(c)(3). But a hearing did take place and that hearing addressed Rouse's motion.

At the hearing on Rouse's CrR 7.8(b)(4) motion, the superior court asked the State "do we have subject matter jurisdiction?" in order to determine whether Rouse's requested dismissal for lack of subject matter jurisdiction should be granted. Report of Proceedings at 9. Although the court did not frame its question using "show cause" language, we hold that the superior court sufficiently required the State to show cause why Rouse's motion should not be granted. And the State responded that there was subject matter jurisdiction under article IV, section 6 of the Washington Constitution and RCW 2.08.010, which both give the superior court jurisdiction over any criminal proceeding that amounts to a felony.

Accordingly, we hold that the superior court complied with the requirements of CrR 7.8(c) by holding a hearing and asking the State why granting Rouse's motion for dismissal was not warranted.

B.    RIGHT TO ATTEND THE HEARING

Rouse argues that the superior court denied his right to be present at the hearing, which prejudiced him by limiting his ability to present documents and evidence. He also argues that the superior court acted arbitrarily and capriciously and in bad faith because Rouse had

4

previously arranged with the State and the superior court to be present at the hearing. We disagree.

The due process clause of the Fourteenth Amendment to the United States Constitution grants a criminal defendant "a fundamental right to be present at all critical stages of a trial." *State v. Irby,* 170 Wn.2d 874, 880, 246 P.3d 796 (2011). The right to be present is rooted in the defendant's right to be allowed to present a full defense. *Id.* at 881. The right to be present is not absolute, but exists to the extent that the defendant's absence would prevent a fair and just hearing. *Id.*

Here, Rouse *was* present at the hearing by telephone. And the hearing involved postconviction motions. Rouse provides no authority for the proposition that appearance by telephone at a hearing involving a defendant's postconviction motions violates his right to be present at trial. Further, Rouse does not explain why his telephone appearance rather than an in person appearance prevented a fair and just hearing. Therefore, we hold that the superior court did not deny Rouse the opportunity to attend the hearing.

C.      VALIDITY OF RCW 9A.32.050

Rouse argues that the superior court did not have jurisdiction because former RCW 9A.32.050 (1975) – the law under which he was charged – as published in the Revised Code of Washington failed to comply with article II, section 18 of the Washington Constitution by omitting the phrase "Be it enacted by the Legislature of the State of Washington." We disagree.

We review de novo the interpretation of a constitutional provision. *State v. Patterson*, 196 Wn. App. 451, 456, ___ P.3d ___ (2016). Generally, we presume that legislative enactments

are constitutional. *Id.* The party challenging the statute bears the burden of proving its unconstitutionality beyond a reasonable doubt. *Id.*

Article II, section 18 states:

The style of the laws of the state shall be: "Be it enacted by the Legislature of the State of Washington." And no laws shall be enacted except by bill.

The legislature authorizes a code reviser to compile the laws as enacted by the legislature into an organized "Revised Code of Washington." RCW 1.08.013, .015(1). When compiling the codes, the reviser may not make any substantive change or alter the legislature's purpose or intent. RCW 1.08.013. However, RCW 1.08.017(1) expressly provides that the reviser may omit enacting clauses.

Here, Rouse was convicted of second degree murder under former RCW 9A.32.050. As the statute appears in the Revised Code of Washington, there is no enacting language. But the bill as written and passed includes the phrase "Be it enacted by the Legislature of the State of Washington." LAWS OF 1975, 2d Ex. Sess., ch. 38. Therefore, the law *as passed by the legislature* complies with article II, section 18 because it contains the necessary language. And the fact that those words do not appear in the version published in the Revised Code of Washington does not void the law because the code reviser is authorized by the legislature to omit those words. RCW 1.08.017(1).

Rouse notes that the State cited to the RCW section and not the session law in the information and argues that the RCW is not authoritative because it was not written by the legislature. Although the legislature does not directly compile and write the Revised Code of Washington, the legislature authorized the code reviser to do so and mandated that the revised

6

code contain the laws as enacted by the legislature without any substantive changes. Therefore, the Revised Code of Washington is authoritative as a statement of the legislature.

We hold that former RCW 9A.32.050 complied with article II, section 18 and therefore that Rouse's conviction was not void for lack of jurisdiction. Accordingly, we hold that the superior court did not err in denying Rouse's motion.

## CONCLUSION

We affirm the superior court's denial of Rouse's motion to dismiss for lack of subject matter jurisdiction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, A.C.J.

We concur:

LEE, J.

MELNICK, J.

7