# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49616-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ARIANNA S. EISELE-CHAVEZ, | |
| Appellant. | |

MAXA, A.C.J. – Arianna Eisele-Chavez appeals an order denying her CrR 7.8(b) motion to vacate her conviction of second degree malicious mischief, which was entered on stipulated facts after a diversion program failed. Eisele-Chavez claims that defense counsel provided ineffective assistance of counsel by not informing her that she could be convicted of a felony as opposed to a misdemeanor if the diversion failed or that she could lose her subsidized housing because of the felony conviction.

We hold that Chavez failed to establish ineffective assistance of counsel and therefore that the trial court did not abuse its discretion in denying her motion. Accordingly, we affirm the trial court's order denying Eisele-Chavez's CrR 7.8 motion to vacate her conviction.

## FACTS

On June 4, 2014, Eisele-Chavez poured a gallon of bleach into her boyfriend's pickup truck. The State charged her with second degree malicious mischief, a felony.

In September 2014, Eisele-Chavez entered into a diversion agreement in which she agreed to waive her right to a trial in exchange for having the charge dismissed if she successfully completed the diversion program. Eisele-Chavez also agreed that if she failed to successfully complete the diversion program, the trial court could find her guilty of the charged offense based on a reading of law enforcement investigation reports. Finally, she stipulated that the facts contained in the investigative reports were sufficient for a trier of fact to find her guilty of the charged offense.

The diversion agreement presented to Eisele-Chavez initially indicated that she was charged with a gross misdemeanor, but the trial court and defense counsel confirmed that the charged offense was a felony. The agreement was amended to reflect the felony charge, and Eisele-Chavez initialed the changes.

In November 2015, the trial court determined that Eisele-Chavez had failed in diversion and found her guilty of second degree malicious mischief based on a review of the declaration of probable cause. The court sentenced her to community service and imposed mandatory legal financial obligations. Eisele-Chavez did not appeal her conviction or her sentence.

Ten months later, in September 2016, Eisele-Chavez filed a motion to vacate her conviction under CrR 7.8(b). She argued that she was not made aware that losing her subsidized housing would be a consequence of her felony conviction. She claimed that if she had been made aware of this consequence, she would have handled the matter differently. Defense counsel stated that he did not recall advising Eisele-Chavez of this consequence. At oral argument, Eisele-Chavez argued that if she had known that a felony conviction could affect her

housing she would have made an effort to establish that the correct charge should have been a misdemeanor rather than a felony.

The trial court denied the motion. The court stated that this was not a situation where Eisele-Chavez could withdraw a guilty plea because she was found guilty on stipulated facts rather than pleading guilty. The court also found that Eisele-Chavez had failed to demonstrate any basis to vacate under CrR 7.8(b).

Eisele-Chavez appeals the trial court's denial of her CrR 7.8(b) motion to vacate her conviction.

## ANALYSIS

A.    MOTION TO VACATE

Eisele-Chavez argues that the trial court erred in denying her CrR 7.8(b) motion to vacate her conviction based on ineffective assistance of counsel. We disagree.

1.    Legal Principles

CrR 7.8(b) allows relief from a judgment for (1) mistakes, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, and (4) a void judgment. Under CrR 7.8(b)(5), relief also may be granted for "[a]ny other reason justifying relief from the operation of the judgment." CrR 7.8(c) states that the motion must state the grounds upon which relief is asked "and, supported by affidavits setting forth a concise statement of the facts or errors upon which the motion is based."

We review a superior court's ruling on a CrR 7.8(b) motion for abuse of discretion. *State v. Robinson*, 193 Wn. App. 215, 217, 374 P.3d 175 (2016). The trial court abuses its discretion

when its decision is manifestly unreasonable or is based on untenable grounds or reasons. *Id.* at 217-18.

Our scope of review for an order denying a CrR 7.8(b) motion is limited to the record and evidence presented at the CrR 7.8 hearing. *State v. Schwab,* 141 Wn. App. 85, 96, 167 P.2d 1225 (2007). On appeal of a CrR 7.8(b) ruling, a defendant cannot raise issues regarding the validity of the underlying judgment and sentence. *Id.* We review only whether the trial court's denial of the motion was proper. *State v. Gaut*, 111 Wn. App. 875, 881, 46 P.3d 832 (2002). Appealing the denial of a CrR 7.8(b) motion does not trigger appellate review of an unappealed final judgment. *Id.*

2. Disclosure Regarding Felony Charge

Eisele-Chavez argues that the court erred in denying her motion to vacate because neither the trial court nor defense counsel informed her that she was stipulating to facts and waiving a jury trial on a felony charge rather than on a misdemeanor charge. However, Eisele-Chavez did not assert this claim in the trial court as a basis for relief under CrR 7.8(b). Therefore, we decline to consider this argument.[1] RAP 2.5(a).

3. Disclosure Regarding Housing Consequences

Eisele-Chavez argues that defense counsel's failure to inform her that she could lose her subsidized housing denied her effective assistance of counsel. She claims that the trial court should have vacated her conviction because of this failure. We disagree.

---

[1] In any event, the record is clear that the court, counsel, and Eisele-Chavez all agreed that the stipulation involved a felony charge.

Relief under CrR 7.8(b)(5) is for situations not covered by sections (1) through (4) and " 'where the interests of justice most urgently require.' " *State v. Lamb*, 175 Wn.2d 121, 128, 285 P.3d 27 (2012) (quoting *State v. Shove*, 113 Wn.2d 83, 88, 776 P.2d 132 (1989)). Ineffective assistance of counsel can provide the basis for vacating a judgment under CrR 7.8(b)(5). *State v. Martinez*, 161 Wn. App. 436, 441, 253 P.3d 445 (2011).

We review ineffective assistance of counsel claims de novo. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). To prevail on an ineffective assistance claim, the defendant must show both that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced the defendant. *Id*. at 457-58. There is a strong presumption that counsel's performance was effective. *Id.* at 458. Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Id.* Prejudice exists if there is a reasonable probability that, except for counsel's errors, the result of the proceeding would have been different. *Id.*

Eisele-Chavez does not establish that her counsel was deficient in failing to inform her that a felony conviction could affect her housing. She analogizes her diversion agreement to a plea agreement, arguing that her loss of housing subsidies was a direct consequence and she was unaware of it when she agreed to diversion. But with a guilty plea, a defendant must be informed only of the direct consequences of a plea, not all possible collateral consequences. *State v. Ward*, 123 Wn.2d 488, 512, 869 P.2d 1062 (1994). "The distinction between direct and collateral consequences of a plea 'turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment.' " *State v. Barton*, 93

Wn.2d 301, 305, 609 P.2d 1353 (1980) (*quoting Cuthrell v. Dir., Patuxent Inst.*, 475 F.2d 1364, 1366 (4th Cir. 1973).

Here, there is no evidence that loss of housing benefits was a direct consequence of Eisele-Chavez's felony conviction. The record before us contains no sworn affidavits, no evidence supporting her claims, and no explanation about whether loss of housing benefits is an automatic result of a felony conviction and, if so, which laws and regulations apply. Thus, her claim by analogy fails to show that defense counsel had an obligation to inform her of the effect a felony conviction would have on her housing benefits.

Eisele-Chavez also does not establish prejudice. Her attorney stated Eisele-Chavez had advised him that "because of her felony conviction her landlord is evicting her from her residence." Clerk's Papers at 17. But other than this hearsay statement, Eisele-Chavez provided no other information from which the trial court could conclude that losing her housing was a direct consequence of her felony conviction. And she does not show that the outcome of her case would have been different if she would have known that a felony conviction might affect her housing benefits.

Because Eisele-Chavez cannot establish ineffective assistance of counsel, we hold that the trial court did not abuse its discretion in denying the motion to vacate.

B.      APPELLATE COSTS

Eisele-Chavez asks that we refrain from awarding appellate costs if the State seeks them. The State represents that it does not intend to request appellate costs. Therefore, we decline to impose appellate costs.

No. 49616-0-II

CONCLUSION

We affirm the trial court's order denying Eisele-Chavez's CrR 7.8 motion to vacate her conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, A.C.J.

We concur:

_____
JOHANSON, J.

_____
SUTTON, J.