## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52639-5-II |
| Respondent, | |
| v. | |
| ANTHONY DWAIN DAVIS, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Anthony Dwain Davis appeals the trial court's denial of his CrR 7.8 motion to withdraw his guilty plea to his rape in the first degree conviction, arguing that the court did not comply with CrR 7.8(c)(2)'s procedure for deciding such motions. The State concedes that the trial court did not comply with CrR 7.8(c)(2). In his pro se statement of additional grounds for review (SAG), Davis alleges the same issues raised in his CrR 7.8 motion. We accept the State's concession, vacate the trial court's order, and remand to the trial court to enter an order complying with CrR 7.8(c)(2).

## FACTS

On July 12, 1995, Davis pled guilty to rape in the first degree. His criminal history included a 1978 conviction of burglary in the second degree; 1986 convictions of two counts of robbery in the second degree, kidnapping in the first degree, and assault in the first degree; and a 1989 conviction of rape in the first degree. Davis disputed his criminal history in his guilty plea statement, but acknowledged that the State would recommend a sentence of life without the possibility of release under the Persistent Offender Accountability Act (POAA), chapter 9.94A

RCW. The trial court accepted Davis's guilty plea to rape in the first degree, found that Davis was a persistent offender under former RCW 9.94A.030(25) (1994), and imposed a life sentence without the possibility of release under former RCW 9.94A.120(4) (1994).

On September 11, 1997, in *State v. Davis*, 133 Wn.2d 187, 192, 943 P.2d 283 (1997), the court granted appellate counsel's *Anders*[1] motion to withdraw and dismissed Davis's appeal based on the absence of any nonfrivolous challenge to his 1995 rape in the first degree conviction.

Davis has filed numerous personal restraint petitions (PRPs) with this court and the Supreme Court since that time regarding his current conviction and the underlying convictions that support his POAA sentence. *See In re Pers. Restraint of Davis*, Court of Appeals Nos. 52514-3-II, 52157-1-II, 51957-7-II, 50621-1-II, 50501-1-II, 49575-9-II, 49083-8-II, 48956-2-II, 48926-1-II, 48844-2-II, 48793-4-II, 48482-0-II; Supreme Court Nos. 96728-8, 96595-1, 96131-0, 94795-3, 84699-5, and 80267-0. He also filed a motion for resentencing on April 12, 2016, which the trial court denied and we affirmed. *State v. Davis*, No. 50122-8-II, slip op. at 3 (Wash. Ct. App. September 18, 2018) (unpublished), http://www.courts.wa.gov/opinions.

On October 17, 2018, Davis filed a pro se CrR 7.8 motion to withdraw his guilty plea, challenging the sentencing court's retroactive application of the persistent offender statute and the facial validity of his plea statement. On October 24, the trial court denied Davis's motion, ordering "[t]he State shall not be required to respond to the motion" and "[t]he court will not conduct an evidentiary hearing on this motion." Clerk's Papers at 40. The court made no finding regarding timeliness. Davis appeals.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

ANALYSIS

I.    CrR 7.8 MOTION TO WITHDRAW GUILTY PLEA

Davis argues that the trial court's order denying his CrR 7.8 motion to withdraw his guilty plea should be vacated and the case remanded because the trial court failed to comply with CrR 7.8(c)(2)'s requirements.  The State concedes that the trial court erred.  We accept the State's concession.

A motion to withdraw a guilty plea after judgment is a collateral attack governed by CrR 7.8.  *State v. Buckman*, 190 Wn.2d 51, 60, 409 P.3d 193 (2018).  CrR 7.8(c)(2) establishes the procedure for addressing CrR 7.8 motions:

> The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

Accordingly, the trial court may rule on the merits of a CrR 7.8 motion only when the motion is timely filed and either (a) the defendant makes a substantial showing that he is entitled to relief, or (b) the motion cannot be resolved without a factual hearing.  *State v. Smith,* 144 Wn. App. 860, 863, 184 P.3d 666 (2008).  If these prerequisites are absent, the trial court must transfer the motion to the Court of Appeals for consideration as a PRP.  *Smith*, 144 Wn. App. at 863.

Here, the trial court made no finding regarding the timeliness of Davis's CrR 7.8 motion and denied the motion without explanation.  Under CrR 7.8(c)(2), the trial court did not have the authority to decide the motion and, instead, was required to follow the procedures under that rule.  Accordingly, the trial court erred.  We accept the State's concession on this issue.

Both parties request that we not convert this appeal to a PRP. In *Smith*, we held that "converting the wrongly-decided CrR 7.8 motion to a personal restraint petition could infringe on [the defendant's] right to choose whether he wanted to pursue a personal restraint petition because he would then be subject to the successive petition rule in RCW 10.73.140 as a result of our conversion of the motion." 144 Wn. App. at 864. Here, because both parties object to this court converting Davis's appeal to a PRP, we decline to do so and instead vacate the trial court's order and remand to the trial court to enter an order complying with CrR 7.8(c)(2).

II.    SAG

In his SAG, Davis raises the same issues raised in his CrR 7.8 motion; namely that the sentencing court wrongly applied the persistent offender statute retroactively and that his plea statement is facially invalid. However, because we vacate the trial court's order and remand, we do not reach the merits of the issues raised in Davis's SAG. See *State v. Robinson*, 193 Wn. App. 215, 216, 374 P.3d 175 (2016) (court declined to address issues raised in SAG when court vacated and remanded trial court's CrR 7.8 order with instructions to trial court to transfer CrR 7.8 motion to court of appeal for consideration as a PRP).

We vacate the trial court's order, and remand to the trial court to enter an order complying with CrR 7.8(c)(2).

4

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, J.

Lee, C.J.