# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53790-7-II |
| Respondent, | |
| v. | |
| FORREST EUGENE AMOS, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Forrest Amos appeals from the denial of his CrR 7.8(b)(1) motion to modify his judgment and sentence. Amos's court appointed counsel on appeal has filed an *Anders*[1] brief, seeking to withdraw as counsel.

Amos's appellate counsel suggests two potential issues: (1) RCW 9.94A.535 and RCW 9.94A.506(3) prohibit a consecutive sentence that exceeds the maximum set forth in RCW 9A.20.021 and (2) RCW 9.94A.535 is ambiguous. Amos has filed a statement of additional grounds (SAG) for review in which he also argues that RCW 9.94A.535 cannot exceed the statutory maximum set forth in RCW 9A.20.021 as it relates to determinate sentences and also that his sentence is clearly excessive. We grant counsel's motion to withdraw and dismiss Amos's appeal.

## FACTS

Amos was convicted of four counts of forgery and four counts of first degree criminal impersonation. The trial court ruled that the four convictions for first degree criminal

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

impersonation were the same criminal conduct as the forgery convictions. Forgery is a class C felony. RCW 9A.60.020(3).

At sentencing, Amos's offender score was over nine points. The State sought an exceptional sentence under RCW 9.94A.535(2)(c), arguing that because of Amos's high offender score and multiple current offenses, some convictions would go unpunished. The trial court agreed and imposed consecutive sentences for the crimes as an exceptional sentence. The court sentenced Amos to 29 months for each forgery, to be served consecutively for a total of 116 months. The trial court's finding to support the exceptional sentence under RCW 9.94A.535(2)(c) stated, "The exceptional sentence is justified by the following aggravating circumstances: (a) Multiple Current Offenses RCW 9.94A.535(2)(c)." Clerk's Papers (CP) at 113. Amos filed a direct appeal of his convictions and sentence.

Amos, acting pro se, then filed a CrR 7.8(b)(1) motion to modify his judgment and sentence. Amos did not challenge the sentencing court's reason for imposing an exceptional sentence, recognizing that it was justified under RCW 9.94A.535(2)(c). Instead, he argued that certain statutes were ambiguous and that his exceptional sentence violated the sentencing limitations set forth in RCW 9A.20.021. The trial court appointed counsel, who filed a supplemental memorandum to support the motion. Following a hearing, the trial court denied Amos's motion, ruling that "Amos provided no authority that showed his sentence was illegal, therefore, Amos did not meet his burden pursuant to CrR 7.8(b)(1) to show the court made a mistake." CP at 121.

Amos appeals the denial of his CrR 7.8(b)(1) motion, and Amos's court appointed counsel on appeal moves to withdraw.

ANALYSIS

I. MOTION TO WITHDRAW

RAP 15.2(i) provides that court appointed counsel should file a motion to withdraw "[i]f counsel can find no basis for a good faith argument on review." Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Theobald*, 78 Wn.2d 184, 185, 470 P.2d 188 (1970), counsel's motion to withdraw must

> be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; ***the court—not counsel— then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.***

*State v. Hairston*, 133 Wn.2d 534, 538, 946 P.2d 397 (1997) (quoting *Anders*, 386 U.S. at 744); RAP 18.3(a)(2). In accordance with this procedure, Amos's counsel on appeal filed a brief with the withdrawal motion. Amos was served with a copy of the brief and informed of his right to file a SAG. Amos filed a SAG.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. We have reviewed the briefs and the record. We specifically consider the following potential issues raised by counsel:

> [1.] When sentencing for multiple crimes under the "free crime aggravator," do RCW 9.94A.506(3) and RCW 9.94A.535 prohibit the sentencing court from imposing a consecutive sentence that exceeds the statutory maximum designated in RCW 9A.20.021?
>
> [2.] Is the language of RCW 9.94A.535 ambiguous and therefore, subject to the rule of lenity where the statute provides: "A departure from the standards in RCW 9.94A589(1) and (2) governing whether sentences are to be served consecutively or concurrently is an exceptional sentence *subject to the limitations* in this section and may be appealed by the offender or the state as set forth in RCW 9.94A.585(2) thru (6)"?

No. 53790-7-II

Motion To Withdraw at 2-3.

We hold that (1) there is no good faith argument that RCW 9.94A.535 and RCW 9.94A.506(3) prohibit a consecutive sentence for multiple convictions that exceeds the maximum set forth in RCW 9A.20.021 for a single conviction, and (2) RCW 9.94A.535 is not ambiguous regarding its "subject to the limitations" language.

Appellate review here is limited to whether the trial court abused its discretion when it denied the CrR 7.8 motion. *State v. Larranaga*, 126 Wn. App. 505, 509, 108 P.3d 833 (2005). The trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons. *State v. Robinson*, 193 Wn. App. 215, 217-18, 374 P.3d 175 (2016). A trial court also abuses its discretion if it makes an error of law. *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007).

A.    *RCW 9.94A.535 and RCW 9.94A.506 Do Not Prohibit Amos's Sentence*

We hold that there is no good faith argument that RCW 9.94A.535, RCW 9.94A.506(3), or RCW 9A.20.021 limit a consecutive sentence for multiple convictions to the statutory maximum for a single conviction.

Forgery is a class C felony. RCW 9A.60.020(3). "Unless a different maximum sentence for a classified felony is specifically established by a statute" the maximum allowable sentence for a class C felony is "confinement in a state correctional institution for five years." RCW 9A.20.021(1)(c). If a sentencing court imposes consecutive sentences, the sentencing court may stack each individual crime's statutory maximum to determine a defendant's total statutory maximum allowable sentence. *State v. Weller*, 197 Wn. App. 731, 734-35, 391 P.3d 527 (2017).

4

RCW 9.94.535 allows a sentencing court to impose an exceptional sentence, including when the "defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished." RCW 9.94A.535(2)(c). RCW 9.94A.589 sets forth standards for consecutive and concurrent sentences, and a departure from these standards is an exceptional sentence. RCW 9.94A.535. RCW 9.94A.535 states:

> A departure from the standards in RCW 9.94A.589(1) and (2) governing whether sentences are to be served consecutively or concurrently is an exceptional sentence *subject to the limitations in this section*, and may be appealed by the offender or the state as set forth in RCW 9.94A.585(2) through (6).

(Emphasis added.)

We hold that there is no good faith argument that RCW 9.94A.535 and RCW 9.94A.506(3) prohibit a consecutive sentence for multiple convictions that exceeds the maximum set forth in RCW 9A.20.021 for a single conviction. Amos's motion argued that his maximum sentence for the forgery convictions was 5 years in total because a conviction for 1 forgery conviction was 5 years. Thus, when the trial court imposes an exceptional sentence of consecutive sentences for forgery, this exceptional consecutive sentence is confined by the 5-year maximum. But when convictions are imposed consecutively, the statutory maximum for the convictions are stacked. *Weller*, 197 Wn. App. at 734-35. Amos's statutory maximum for the 4 forgery convictions was a total maximum of 20 years, or 240 months. RCW 9A.20.021(1)(c); *Weller*, 197 Wn. App. at 734-35. As a result, Amos's 116 month-sentence was within the total statutory maximum.

Amos's motion cited RCW 9.94A.506(3) to support his argument. But, RCW 9.94A.506(3) addresses standard range sentences and is inapplicable here because Amos's sentence was an exceptional sentence. There is no good faith argument that RCW 9.94A.535,

5

RCW 9.94A.506(3), or RCW 9A.20.021 limits a consecutive sentence for multiple convictions to the statutory maximum for a single conviction.

B.       *RCW 9.94A.535 Is Unambiguous*

We hold that there is no good faith argument that RCW 9.94A.535 is ambiguous. Statutory interpretation is a question of law we review de novo. *State v. Dennis*, 191 Wn.2d 169, 172, 421 P.3d 944 (2018). The purpose of statutory interpretation is to ascertain legislative intent. *Dennis*, 191 Wn.2d at 172. We first look to the statute's plain language. *State v. Velasquez*, 176 Wn.2d 333, 336, 292 P.3d 92 (2013). If the plain language is unambiguous, subject only to one reasonable interpretation, this court's inquiry ends. *Velasquez*, 176 Wn.2d at 336. A statute is not ambiguous merely because multiple interpretations are conceivable. *Velasquez*, 176 Wn.2d at 336. Related statutory provisions must be harmonized to effectuate a consistent statutory scheme. *Velasquez*, 176 Wn.2d at 336. If, however, the statute is ambiguous, we apply the rule of lenity, which construes ambiguity in favor of the defendant. *State v. Barbee*, 187 Wn.2d 375, 383, 386 P.3d 729 (2017).

Amos's brief raises the issue that the phrase "subject to the limitations in this section" in RCW 9.94A.535 is ambiguous. The contested provision of RCW 9.94A.535 states:

> A departure from the standards in RCW 9.94A.589(1) and (2) governing whether sentences are to be served consecutively or concurrently is an exceptional sentence *subject to the limitations in this section*, and may be appealed by the offender or the state as set forth in RCW 9.94A.585(2) through (6).

(Emphasis added.)

The plain language of RCW 9.94A.535 states that a sentencing court cannot deviate from the standards in RCW 9.94A.589(1)-(2) unless that departure is enumerated in RCW 9.94A.535. Accordingly, that deviation is "subject to the limitations" in RCW 9.94A.535. In other words,

6

when a sentencing court imposes an exceptional sentence that deviates from RCW 9.94A.589(1) and .589(2) standards for consecutive and concurrent sentences, that deviation must be set forth in RCW 9.94A.535. Here, the enumerated reason was RCW 9.94A.535(2)(c), multiple current offenses. The phrase "subject to the limitations in this section" in RCW 9.94A.535 is unambiguous. Because the statute is unambiguous, the rule of lenity does not apply. *Barbee*, 187 Wn.2d at 383.

We hold that there are no good faith arguments. We grant counsel's motion to withdraw.

## II. STATEMENT OF ADDITIONAL GROUNDS

In his SAG, Amos argues that RCW 9.94A.535 cannot exceed the statutory maximum set forth in RCW 9A.20.021 as it relates to determinate sentences and, as a result, his sentence is clearly excessive. We hold that Amos fails to raise reversible grounds in his SAG.

Amos argues that his sentence imposed under RCW 9.94A.535 is subject to the limitations in RCW 9A.20.021 because it is a determinate sentence. A determinate sentence is a sentence that "states with exactitude the number of actual years, months, or days of total confinement." RCW 9.94A.030(18). Amos's sentence was indeed a determinate sentence of 116 months. However, as set forth above, Amos's sentence did not exceed the limitations in RCW 9A.20.021. The maximum sentence for each forgery count was stacked, and Amos was sentenced to less than the stacked maximum. Amos's argument fails.

Amos also argues that his sentence was clearly excessive "because it exceeds the applicable five year [statute of limitations] maximum." SAG at 9. This was a potential issue raised by counsel that is addressed above. Having determined that there is no good faith

argument supporting this claim, we do not further address it. We hold that Amos fails to raise reversible grounds in his SAG.

Following this court's review of potential issues raised by counsel and the issues raised in Amos's SAG, we conclude that the issues do not present a good faith argument for review. This court's independent review of the record does not reveal any potential nonfrivolous issues that may be raised in this appeal. Accordingly, we grant counsel's motion to withdraw and dismiss Amos's appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

Lee, C.J.

Sutton, J.