IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37075-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RUDY E. WILLIAMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Rudy Williams appeals the trial court's denial of his motion collaterally attacking convictions imposed in 2016 and its refusal to appoint counsel to assist him with the motion. We affirm.

FACTS AND PROCEDURAL BACKGROUND

In November 2016, Rudy Williams was found guilty following a bench trial of third degree assault, felony violation of a no-contact order, and three counts of witness tampering. To punish what would otherwise be "free crimes," the trial court imposed an exceptional sentence. Mr. Williams appealed and on September 27, 2018, this court vacated his conviction for assault and one of the witness tampering convictions and remanded for retrial and resentencing. *State v. Williams*, No. 34959-4-III (Wash. Ct. App. Sept. 27, 2018) (*Williams* I) (unpublished), https://www.courts.wa.gov/opinions/pdf

/349594_unp.pdf. Our mandate issued on November 6, 2018. The State chose to dismiss rather than retry the vacated counts. Report of Proceedings (RP) (No. 36547-6-III) at 3.[1]

In July 2019, Mr. Williams filed two pro se motions with the trial court: a motion to vacate his remaining convictions and a motion to appoint counsel. The motion to vacate was based principally on the fact that the judge who presided at Mr. Williams's bench trial, the Hon. Scott Gallina, had been arrested and charged with a number of sexual assaults. Mr. Williams argued that "[t]he allegations against [Judge Gallina] call into question his ability to reason, his character, judgment and Integ[ri]ty." Clerk's Papers (CP) at 86. He contended that "[a] Re-trial is the only reasonable cours[e] of action capable of eliminating the taint and biases [his] actions have potentially caused." *Id.* In requesting the appointment of counsel, Mr. Williams asked the trial court "to declare him indigent and to appoint counsel to assist him in arguing attached motions and

---

[1] The present appeal is the most recent of four appeals that have been filed by Mr. Williams. While the appeal of his original judgment and sentence was pending, he moved the trial court to allow him to withdraw his signature from the findings and conclusions entered following the bench trial, and he filed his second appeal when the trial court denied that motion. This court viewed him as appealing denial of a CrR 7.8(a) motion for relief from a clerical mistake and affirmed denial of the motion. We granted his request in supplemental briefing for relief from some legal financial obligations. *State v. Williams*, No. 35271-4-III (Wash. Ct. App. Dec. 18, 2018) (*Williams* II) (unpublished), https://www.courts.wa.gov/opinions/pdf/352714_unp.pdf.

Then, when the State realized that the warrant of commitment erroneously stated that Mr. Williams's sentences were to run concurrently, it obtained a corrective order that Mr. Williams appealed. We affirmed the trial court's order in *State v. Williams*, No. 36547-6-III (Wash. Ct. App. Apr. 30, 2020) (*Williams* III) (unpublished), https://www.courts .wa.gov/opinions/pdf/365476_unp.pdf.

2

future related proceedings." CP at 90 (capitalization omitted). Neither of Mr. Williams's motions identified any court rule or other legal authority on which he relied for his requested relief.

A motion to vacate a judgment of conviction is a collateral attack, and CrR 7.8, which governs relief from a judgment or order, seeks to have such motions resolved by the court best equipped to deal with them. It provides:

> (c)    Procedure on Vacation of Judgment
> . . . .
> (2) *Transfer to Court of Appeals*. The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 <u>and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.</u>

CrR 7.8(c)(2) (emphasis (by underscoring) added). The State asked the trial court to deny Mr. Williams's motions. Following a hearing, the trial court did deny them, finding "that Defendant has not provided a legal basis for appointment of counsel or vacation." CP at 101.

We remind the prosecutor and the trial court that given the trial court's finding, and for their convenience and for ours, the motion should have been transferred to this court for consideration as a personal restraint petition. While Mr. Williams's motion was timely under CrR 7.8(b), a timely motion still must be transferred if there is not a substantial showing of entitlement to relief and if there is no need for a factual hearing.

3

CrR 7.8(c)(2); *State v. Robinson*, 193 Wn. App. 215, 218, 374 P.3d 175 (2016). This is

mandatory, not discretionary. *Id.* If a collateral attack is transferred, this court has the

opportunity to determine whether it is frivolous, in which case it can be dismissed

without the need for appointment of counsel and without referring it to a panel of judges.

*See* RAP 16.3-.15.

Mr. Williams filed a timely notice of appeal. An order of indigency was entered

by the trial court and counsel for the appeal was appointed.

## ANALYSIS

Mr. Williams's first two assignments of error on appeal are that Mr. Williams was

not appointed counsel for his 2018 resentencing hearing, which he argues violated his

right under the Sixth Amendment to the United States Constitution. Under even the most

charitable reading of Mr. Williams's two motions, this was not a part of their subject

matter. We will not consider the claimed error.[2]

---

[2] Mr. Williams chose to represent himself in the prosecution below after Judge Gallina refused to replace his appointed counsel with another lawyer. In *Williams* I, we held that Judge Gallina did not abuse his discretion in finding that Mr. Williams made a knowing, voluntary, and intelligent waiver of his right to counsel. *Williams* I, No. 34959-4-III, slip op. at 11-13.

"[A] valid waiver of the right to assistance of counsel generally continues throughout the criminal proceedings, unless the circumstances suggest that the waiver was limited." *State v. Modica*, 136 Wn. App. 434, 445, 149 P.3d 446 (2006), *aff'd*, 164 Wn.2d 83, 186 P.3d 1062 (2008). "Thus, it is not ordinarily incumbent upon a trial court to intervene at a later stage of the proceeding to inquire about a party's continuing desire to proceed pro se." *Id.* Mr. Williams showed no interest at his 2018 resentencing in having counsel reappointed. In fact, when invited to address the court, Mr. Williams

Mr. Williams's motion for appointment of counsel *did* seek appointment of a lawyer to help him argue why the criminal charges against Judge Gallina should entitle Mr. Williams to a new trial. He was entitled to the trial court's appointment of counsel to assist him in advancing his CrR 7.8(b) motion only if the trial court determined that his motion established grounds for relief, however. *State v. Robinson*, 153 Wn.2d 689, 696 & n.6, 107 P.3d 90 (2005).

Mr. Williams's remaining assignment of error is that pending criminal charges against Judge Gallina support vacating Mr. Williams's remaining convictions under CrR 7.8(b)(5). CrR 7.8(b)(1) through (4) authorize trial courts to vacate judgments or orders for four specific reasons; CrR 7.8(b)(5) authorizes courts to relieve a party from a final judgment for "[a]ny other reason justifying relief from the operation of the judgment." "Relief under CrR 7.8(b)(5) is limited to extraordinary circumstances not covered by any other section of the rule." *State v. Smith*, 159 Wn. App. 694, 700, 247 P.3d 775 (2011). "Extraordinary circumstances include fundamental and substantial irregularities in the court's proceedings or irregularities extraneous to the court's action." *Id.* "Final judgments should be vacated or altered only in those limited circumstances,

---

explained that he had outlined his presentation "so I didn't miss anything." RP (Wash. Ct. App. No. 36547-6-III) at 6. He did not request appointment of counsel until June 2019.

In trial court oral argument of the motions presently on appeal, Mr. Williams renewed his complaint about the fact that Judge Gallina did not grant his request for a replacement attorney before the 2016 trial. He did not argue that Judge Gallina should have appointed counsel for the 2018 resentencing.

'where the interests of justice most urgently require.'" *Id*. (quoting *State v. Shove*, 113

Wn.2d 83, 88, 776 P.2d 132 (1989)).

Through appellate counsel, Mr. Williams now advances three rationales in support

of his earlier bare assertion that the charges against Judge Gallina call into question

whether Mr. Williams received a fair and impartial trial. Mr. Williams now argues that

he could not have foreseen the charges against Judge Gallina and likens his case to *Smith*.

He contends that the misconduct alleged against Judge Gallina violates the Code of

Judicial Conduct, with which judges are expected to comply. Finally, he alleges a

violation of the appearance of fairness doctrine.

We review the denial of a motion to vacate for abuse of discretion. *Smith*, 159

Wn. App. at 699. "A trial court abuses its discretion when it exercises its discretion in a

manifestly unreasonable manner, or when the exercise of discretion is based on untenable

grounds or reasons." *Id*. at 699-700.

Judge Gallina has not yet been found guilty of any charge. That would be reason

enough for the trial court to deny Mr. Williams's CrR 7.8(b) motion in September 2019

and for us to affirm the denial. To avoid future proceedings, however, we address why,

even if the present charges against Judge Gallina are proved, they would not entitle Mr.

Williams to a new trial.

6

*Unforeseen development*

Mr. Williams first analogizes his circumstances to those in *Smith*, in which the

trial court sentenced the defendants to nine months in jail to be served in partial

confinement, after they failed to comply with requirements of a drug diversion program.

159 Wn. App. at 697. Unbeknownst to the sentencing judge and the defendants, the

county had eliminated partial confinement programs as a result of budget reductions. *Id.*

In later granting the defendants relief from their nine-month sentences, the court

explained that had he known that partial confinement was not available he would have

imposed a lesser sentence. *Id.* at 697-98. This court rejected the State's challenge to the

relief granted, observing that the judge made clear that partial confinement was a

"fundamental underpinning" of his original sentence and without it, his sentencing

objective was undermined. *Id.* at 701.

Mr. Williams's convictions and sentence cannot be analogized to *Smith.*

Allegations against Judge Gallina that were unforeseen when Mr. Williams was tried and

sentenced do not undermine a fundamental underpinning of the judge's verdict and

sentence in Mr. Williams's case.

*Code of Judicial Conduct*

Mr. Williams next points out that judges are expected to comply with the Code of

Judicial Conduct, and he argues that three of its provisions were violated by Judge

Gallina if the criminal charges pending against him are true: CJC 1.1 (comply with the

7

law), 1.2 (promote confidence in the judiciary), and 2.3 (perform duties without manifesting bias or prejudice or engaging in harassment).

The Code of Judicial Conduct is intended "to provide guidance and assist judges in maintaining the highest standards of judicial and personal conduct, and to provide a basis for regulating their conduct through the Commission on Judicial Conduct." CJC, Preamble at [3]. The Code is not intended "to be the basis for litigants to seek collateral remedies against each other or to obtain tactical advantages in proceedings before a court." CJC, Scope at [7].

For CrR 7.8(b)(5) to apply, Mr. Williams would need to point to misconduct violating the CJC that constituted a fundamental and substantial irregularity in the court's proceedings in his case, and one where the interests of justice most urgently require relief. *Smith*, 159 Wn. App. at 700. Mr. Williams does not point to any of the criminal misconduct with which Judge Gallina is charged that bears any relation to proceedings in Mr. Williams's case. Nor does he point to any uncharged conduct that violated the CJC and that bears any relation to proceedings in Mr. Williams's case. No relevant CJC violation is shown, let alone one that urgently requires that Mr. Williams obtain relief from his judgment and sentence.

*Appearance of fairness*

Finally, Mr. Williams argues that the appearance of fairness doctrine provides a basis for relief under CrR 7.8(b)(5). "Pursuant to the appearance of fairness doctrine, a

judicial proceeding is valid if a reasonably prudent, disinterested observer would conclude that the parties received a fair, impartial, and neutral hearing." *State v. Solis-Diaz*, 187 Wn.2d 535, 540, 387 P.3d 703 (2017). "The law requires more than an impartial judge; it requires that the judge also appear to be impartial." *Id.* Because the trial court is presumed to perform its functions regularly and properly without bias or prejudice, a party asserting a violation of the appearance of fairness doctrine must produce sufficient evidence demonstrating bias, such as personal or pecuniary interest on the part of the judge; mere speculation is not enough. *Tatham v. Rogers*, 170 Wn. App. 76, 96, 283 P.3d 583 (2012).

The test for determining whether a judge's impartiality might reasonably be questioned is an objective test that assumes that a reasonable person knows and understands all the relevant facts. *Id.* We take judicial notice of the third amended information on file in *State v. Galina*, Asotin County Superior Court cause no. 19-1-00066-02 (Jan. 28, 2020), the current statement of the as-yet unproved charges against Judge Gallina. *See* ER 201(c) (courts may take judicial notice of adjudicative facts, whether requested to or not). The judge is charged with six counts: one count of rape in the second degree, one count of indecent liberties (by forcible compulsion) and four counts of assault in the third degree with sexual motivation.

While the State concedes that the judge is charged with "reprehensible" conduct, it points out that Mr. Williams has not pointed to any particular ruling by Judge Gallina that

he contends exhibits bias or partiality. Br. of Resp't at 12. The State also posits that "[f]rankly, standing alone, the fact that a judge is involved in criminal activities himself would tend to lead an outside observer to believe that a defendant, rather than the State, would have the advantage." *Id.* at 15. We would not draw that inference, but we also find no basis for inferring that the charges, if true, would cause an objective observer to expect Judge Gallina to favor the State. Mr. Williams's appearance of fairness challenge fails for a lack of any evidence of bias or partiality.

The trial court's denial of Mr. Williams's motions is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Fearing, J.

10